624 A.2d 162

**COMMONWEALTH of Pennsylvania,**

v.

**Harry W. STRUTT, Sr., Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 27, 1993.

Filed April 29, 1993.

Jon S. Pushinsky, Pittsburgh, for appellant.

James Gilmore, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before TAMILIA, HUDOCK and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an October 4, 1991 judgment of sentence for rape,[1] involuntary deviate sexual intercourse,[2] incest[3] and indecent assault.[4] Appellant, Harry Strutt Sr., contends that the verdict was against the weight of the evidence and that his trial counsel was ineffective. For the reasons that follow, we reverse and remand for a new trial.

On December 5, 1989, appellant was charged with rape, involuntary deviate sexual intercourse, indecent assault and incest. On February 7, 1991, after a non-jury trial, appellant was found guilty on all charges. Sentencing was deferred to

1. 18 Pa.C.S.A. § 3121.
2. 18 Pa.C.S.A. § 3123(1).
3. 18 Pa.C.S.A. § 4302.
4. 18 Pa.C.S.A. § 3126(1).

permit the preparation of a pre-sentence report. On March 28, 1991, newly appointed counsel filed a motion for leave to file post-trial motions *nunc pro tunc,* which was granted. Post-verdict motions were filed and denied after a hearing on October 4, 1991. Appellant was sentenced on the rape conviction to a term of imprisonment of fifty-four to one hundred and eight months, and to an identical concurrent term of imprisonment on the conviction for involuntary deviate sexual intercourse. No sentence was imposed on the other convictions. On October 15, 1991, appellant filed a motion to reconsider sentence which was denied. This timely appeal followed.

The relevant facts of the case are as follows. On November 9, 1989, two of appellant's children, Joseph Strutt, then sixteen years old, and Harry Strutt Jr., who is mentally handicapped and was nineteen years old at the time, visited appellant at his work place to celebrate Joseph's birthday. After finishing work, appellant took his sons to two neighborhood bars where he consumed three beers and his sons had soft drinks. The three then went to a restaurant for dinner. After dinner, they went to appellant's apartment. Once at appellant's apartment, Joseph went to use the bathroom which was located eight to ten feet down the hall from the apartment. N.T. 2/7/91 at 62. While Joseph was in the bathroom, for approximately fifteen to twenty minutes, the Commonwealth asserts that appellant disrobed from the waist down, removed Harry Jr.'s pant's and inserted his penis in Harry Jr's rectum while berating him for being retarded. N.T. 2/7/91 at 21–23.

■ Appellant first argues that the verdict is against the weight of the evidence. The trial court believed the victim's testimony to be creditworthy and discounted appellant's testimony. Appellant argues, however, that in the instant case the victim's testimony is extremely suspect. Appellant points out that the victim is mentally retarded and had been subject to psychiatric hospitalization in the recent past. Appellant also contends that the totality of the circumstances in the case indicate that appellant's version of the events in question was more believable. We disagree.

■ The testimony of a sexual assault victim standing alone is sufficient weight to support a conviction. *Commonwealth v. Cody,* 401 Pa.Super. 85, 89, 584 A.2d 992, 993 (1991); *appeal denied,* 527 Pa. 622, 592 A.2d 42 (1991). Furthermore, in reviewing a weight of the evidence claim we look to see if the "verdict was so contrary to the evidence as to shock one's sense of justice and make the award of a new trial imperative." *Commonwealth v. Jenkins,* 396 Pa.Super. 395, 391, 578 A.2d 960, 962 (quoting, *Commonwealth v. Hunter,* 381 Pa.Super. 606, 617, 554 A.2d 550, 555 (1989)). The decision whether to grant a new trial is within the trial court's discretion, and we review that decision under an abuse of discretion standard. *Id.* Furthermore, since issues of credibility are left to the trier of fact, the trial court, sitting as fact finder, was free to accept all, part, or none of a witness's testimony. *See Commonwealth v. Farquharson,* 467 Pa. 50, 59, 354 A.2d 545, 550 (1976). After carefully reviewing the notes of testimony and the record, we do not find that the verdict is so contrary to the evidence as to shock this court's sense of justice. Accordingly, we find that the verdict was not against the weight of the evidence.

■ Appellant next contends that trial counsel was ineffective. Specifically, appellant argues that trial counsel was ineffective because he failed to elicit critical testimony and/or conduct effective cross-examination of Commonwealth witness Joseph Strutt.[5] We agree, and accordingly reverse the judgment of sentence and remand for a new trial.[6]

■ To prevail on a claim of ineffectiveness, appellant must show that his underlying contention possesses arguable merit, that the course chosen by counsel had no reasonable basis designed to serve his interests, and that counsel's conduct prejudiced him. *Commonwealth v. Davis,* 518 Pa. 77, 83, 541

---

**5.** The Commonwealth argues in its brief that appellant has waived this issue, as it was not raised in post-trial motions. After carefully examining appellant's post-trial motions we believe that appellant has sufficiently preserved this issue for appeal.

**6.** Because of our disposition of this issue, we need not address appellant's other allegations of trial counsel's ineffectiveness.

A.2d 315, 318 (1988). Additionally, when as here, appellant's claim of ineffectiveness encompasses counsel's failure to elicit favorable testimony, he must demonstrate that the absent evidence would have been beneficial to the defense. *Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504 (1989).

At a post trial proceeding newly appointed counsel for appellant elicited testimony from Joseph Strutt that, upon his return from the bathroom, the door to appellant's apartment was open, that both appellant and the victim had their pants up and that neither of them appeared disheveled in any way, and that the victim was not crying. N.T. 10/4/91 at 22–24. Additionally, at the post-trial proceeding Joseph Strutt testified that appellant accompanied the boys home that evening, that the victim sat next to the appellant on the bus, and that both appellant and the victim acted "normally" toward each other. N.T. 10/4/91 at 24–25.

At trial the only questions counsel asked Joseph Strutt concerning what he observed when he came back from the bathroom shortly after the alleged incident took place were as follows:

Q. And you came back. Were they still in the same bedroom?

A. Yes.

Q. Did your brother say anything to you?

A. No, he did not.

N.T. 2/7/91 at 58.

It seems clear the the testimony of Joseph Strutt at the post-trial proceedings would have been favorable to appellant. Joseph Strutt was the only person other than the victim and appellant to be at the scene shortly after the alleged sexual assault. He also accompanied appellant and the victim on the bus ride home after the alleged incident. Therefore, his testimony concerning the circumstances upon his return from the bathroom which indicated that the apartment door was open, that appellant and the victim were fully clothed, that the victim was not crying, and that both appellant and the victim sat together on the bus and acted normally, would seem to

support appellant's contention that no sexual assault took place. Accordingly, we find that appellant's underlying contention possesses arguable merit.

We must now examine whether counsel's failure to question Joseph Strutt about these matters had a reasonable basis designed to effectuate appellant's interests. For "in order to hold that counsel was constitutionally ineffective 'it must be determined that, in light of all the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen it.'" *Commonwealth v. Mickens*, 409 Pa.Super. 266, 280, 597 A.2d 1196, 1203 (1991) *quoting, Commonwealth v. Dunbar*, 503 Pa. 590, 596, 470 A.2d 74, 77 (1983).

In the instant case, a deposition of appellant's trial counsel conducted as part of post-sentencing proceedings, indicates that the failure of trial counsel to question Joseph Strutt more fully about his observations shortly after the alleged incident was not part of *any* strategy. When asked about his failure to question Joseph Strutt about the appearance of appellant and the victim when he returned from the bathroom, counsel stated that there was no reason for his lack of questioning. N.T. 10/25/91 at 8. Moreover, when questioned about other details he neglected to elicit from Joseph Strutt on cross-examination, trial counsel merely expressed his belief that such information would have been helpful to appellant, and did not provide any explanation for his failure to do so. N.T. 10/25/91 at 6–10. Finally, trial counsel did not even talk to Joseph Strutt until shortly before trial in the hallway outside of the courtroom. N.T. 10/25/91 at 6. Therefore, it seems likely that trial counsel's failure to question the witness in any detail about his observations stemmed from a lack of preparation rather than from trial strategy. Accordingly, we believe that there was no reasonable basis for counsel's failure to elicit favorable testimony from Joseph Strutt.

Our final area of inquiry concerning appellant's claim is to determine whether appellant was prejudiced by counsel's ineffectiveness. In the present case, because of the the lack of any dispositive physical evidence or witnesses to the alleged

assault, the outcome of the trial was dependent upon a credibility contest between appellant and the victim. Therefore, any testimony which would have cast doubt upon the victim's version of the incident was crucial to the defense. *See Commonwealth v. McCaskill*, 321 Pa.Super. 266, 468 A.2d 472 (1983).

Thus, the testimony of Mr. Joseph Strutt, concerning the circumstances upon his return from the bathroom which indicated that appellant and the victim both had their pants up, that the apartment door was open, that the victim was not crying, and that both appellant and the victim sat together on the bus ride to the victim's house and acted normally, would cast doubt upon the victim's testimony. We therefore conclude that trial counsel's failure to question Joseph Strutt about his observations when returning to appellant's apartment shortly after the alleged sexual assault took place, prejudiced appellant. Accordingly, we reverse the judgment of sentence and remand for a new trial.

Reversed and remanded. Jurisdiction relinquished.