J-S31026-15; J-S31027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH MACONEGHY, JR., | |
| Appellant | No. 1493 MDA 2014 |

Appeal from the Judgment of Sentence entered July 21, 2014,
In the Court of Common Pleas of Lackawanna County,
Criminal Division at No(s): CP-38-CR-0001450-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH MACONEGHY, JR., | |
| Appellant | No. 2191 MDA 2014 |

Appeal from the Judgment of Sentence entered July 21, 2014,
in the Court of Common Pleas of Lackawanna County,
Criminal Division at No(s): CP-38-CR-0001450-2012

BEFORE:  BENDER, P.J.E., ALLEN, and WECHT, JJ.

MEMORANDUM BY ALLEN J.:                    **FILED JUNE 12, 2015**

Kenneth Maconeghy Jr. ("Appellant") appeals from the judgment of sentence imposed after a jury found him guilty of rape by forcible compulsion, rape of a child, statutory sexual assault, aggravated indecent assault of a child less than thirteen years of age, endangering the welfare of a child, indecent assault of a child less than thirteen years of age, corruption

of minors, and unlawful contact or communication with a minor.[1] We are constrained to vacate Appellant's judgment of sentence and remand for a new trial.

The pertinent facts and procedural history are as follows: the charges against Appellant resulted from offenses that allegedly occurred in the summer of 2005, when Appellant was home with his 11-year-old step-daughter while her mother was at work. Trial Court Opinion, 10/30/14, at 2; Affidavit of Probable Cause, 4/12/12. Appellant was arrested and a jury trial was held on January 21, 22 and 23, 2014, at the conclusion of which the jury rendered its guilty verdicts.

The trial court convened a sentencing hearing on July 21, 2014, and sentenced Appellant to an aggregate term of 10½ to 30 years of incarceration.

By order dated January 23, 2014, the trial court ordered Appellant to undergo assessment by the Sexual Offenders Assessment Board, and on July 21, 2014, the trial court found Appellant to be a sexually violent predator subject to lifetime registration. 42 Pa.C.S.A. § 9799.10 *et. seq.*

Appellant filed a post-sentence "Motion for New Trial" on July 30, 2014, pursuant to Pa.R.Crim.P. 720(B)(2) and Pa.R.Crim.P. 607, thereby

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 2121(c), 2122.1, 3125(a)(7), 4304, 3126(a)(7), 6301(a)(1), 6318(a)(1).

extending the time for filing an appeal until the trial court ruled on the post-sentence motion, or the expiration of 120 days.  *See* Pa.R.Crim. P. 720.

In addition to the post-sentence motion requesting a new trial, Appellant on July 30, 2014 also filed a separate "Motion for Reconsideration of Sentence," which the trial court denied that same day.  The July 30, 2014 order denying Appellant's motion for reconsideration erroneously stated that Appellant had thirty days to file an appeal; as noted above, Appellant's post-sentence motion for new trial, which was pending, extended the appeal period pursuant to Pa.R.Crim. P. 720(A)(2).

Nevertheless, although a decision on his post-sentence motion was still pending, Appellant, on August 28, 2014, filed a notice of appeal.[2] [3]  The appeal was docketed by this Court at 1493 MDA 2014 on September 8, 2014, and Appellant's new counsel, Attorney Donna M. DeVita, of the Lackawanna County Public Defender's Office, filed with this Court an *Anders* brief and "Petition to Withdraw as Counsel" at Docket No. 1493 MDA 2014.

On October 30, 2014, the trial court filed an opinion and order denying Appellant's post-sentence motion for a new trial.  On November 17, 2014, Appellant filed another notice of appeal.  This second notice of appeal was

---

[2] On August 29, 2014, Appellant's trial counsel, Attorney Joseph S. Toczydlowski, filed a motion to withdraw, which the trial court granted, and that same day, the trial court filed an order directing the appearance of the Office of the Public Defender of Lackawanna County.

[3] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

docketed by this Court at No. 2191 MDA 2014 on December 19, 2014. The trial court did not direct Appellant to file a concise statement of errors complained of on appeal. On November 18, 2014, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

We are thus in the unusual position of having two appeals at two different docket numbers from the same judgment of sentence. For purposes of clarity and ease of analysis, we will first address the issues raised by Appellant in the appeal filed at Docket No. 2191 MDA 2014, following the denial of Appellant's post-sentence motion. Appellant presents three issues:

> A. Whether the [trial] court erred in denying the Appellant's request to strike Dr. Novinger's testimony wherein he stated that "I really believe strongly that was my medical conclusion that this child was victimized," since this opinion was:
>
>> 1. not base[d] upon medical evidence;
>>
>> 2. encroached upon the jury's province of determining whether a sexual assault had occurred; and/or
>>
>> 3. improperly bolsters the victim's credibility, and, as such, the prejudicial impact of the testimony outweighs its probative value.
>
> B. Whether the verdict was against the weight of the evidence?
>
> C. Whether there was sufficient evidence to support the verdicts of guilt of rape forcible compulsion, of rape of a child, of statutory sexual assault, of aggravated indecent assault, of endangering the welfare of a child, of indecent assault, of corrupting the morals of a minor, and of unlawful contact or communication?

Appellant's Brief at 4.

Appellant first claims that the trial court erred when it denied his motion to strike the testimony of the Commonwealth's expert. Appellant's Brief at 20-26. Specifically, Appellant objects to the portion of Dr. Novinger's testimony stating: "I really believe strongly that was my medical conclusion that this child was victimized", and Dr. Novinger's statement that he based his opinion on "the history [she] provided to me [which] pretty clearly indicated that she was sexually abused." N.T., 1/21/14 at 219, 229. Appellant's counsel did not immediately object to Dr. Novinger's testimony, but the following day, moved to strike it. N.T., 1/22/14, at 21-23. The trial court denied Appellant's motion to strike, explaining:

> My recollection of that question and answer, and I don't think it was isolated to one question and one answer, was that the opinions that he expressed were based on many things, not just the physical exam, but also the history that was taken, the consultation of the other reports and all of the other information. And that if he were asked to say could he express an opinion as to whether or not there was abuse strictly by physical findings, his answer was he could not; however, when he looked at the whole picture as to all of the information to be considered, it was his opinion that abuse had taken place.
>
> So your objection is noted. You had the opportunity to cross-examine at th[at] point in time. I did specifically ask whether or not you had any objection to the doctor being excused at that point in time and you indicated that you did not. But I think it would cause und[ue] emphasis on a single portion of the doctor's testimony for me to now refer to it and then order it stricken or modified in any way so your objection is noted but overruled.

N.T., 1/22/14, at 22-23.[4]

"The admission of expert testimony is a matter of discretion [for] the trial court and will not be remanded, overruled or disturbed unless there was a clear abuse of discretion. Expert testimony is permitted as an aid to the jury when the subject matter is distinctly related to a science, skill, or occupation beyond the knowledge or experience of the average layman. Conversely, expert testimony is not admissible where the issue involves a matter of common knowledge." *Commonwealth v. Minerd*, 753 A.2d 225, 230 (Pa. 2000) (citations and internal quotations omitted).

_____

[4] Although Appellant's counsel did not contemporaneously object to Dr. Novinger's testimony at the earliest possible opportunity, we conclude that Appellant has not waived appellate review of this claim. "The purpose of contemporaneous objection requirements respecting trial-related issues is to allow the court to take corrective measures and, thereby, to conserve limited judicial resources." *Commonwealth v. Sanchez*, 36 A.3d 24, 42 (Pa. 2011). Here, although the objection to Dr. Novinger's testimony was lodged the day after Dr. Novinger testified, the trial court still had the opportunity to take corrective measures and thus was not deprived of the opportunity to correct a possible error. Accordingly, we find this claim appropriately preserved for appellate review. *See also Commonwealth v. Johnson*, 456 A.2d 988, 994 (Pa. Super. 1983) (explaining that "although in the vast majority of cases a 'timely objection' means a 'contemporaneous objection' ... contemporaniety of objection is not insisted upon as a value in itself, rather it is required as the most convenient method of preventing a party from permitting error to insinuate itself into the record and complaining thereafter"; thus it is improper for counsel, deliberately, as a strategic decision, to refrain from objecting, but where there was "no attempt to 'insinuate error into the record and complain thereafter', and counsel strenuously attempted to excise the error, to find such an objection untimely would indeed be to 'insist upon contemporaneity as a value in itself'"); Pa.R.Crim.P. 720(B)(1)(c) ("Issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues.").

Our case law is clear that while "[e]xpert testimony is generally admissible in any case, where such testimony goes to a subject requiring special knowledge, skill or intelligence beyond that possessed by the ordinary juror[,] a determination of whether or not a witness is telling the truth is a subject well within the ordinary knowledge and experience of the average juror." *Commonwealth v. Balodis*, 747 A.2d 341, 345 (Pa. 2000) *citing* *Commonwealth v. Seese*, 517 A.2d 920, 921-922 (Pa. 1986). Thus, "the question of a witness' credibility has routinely been regarded as a decision reserved exclusively for the jury" and "[i]t is an encroachment upon the province of the jury to permit admission of expert testimony on the issue of a witness' credibility." *Seese*, 517 A.2d at 922 (awarding defendant a new trial where the expert testified as to the veracity of the victim and the prosecution relied primarily on the victim's perceived veracity to establish its case).

Accordingly, "the admissibility of expert testimony in child abuse cases must be evaluated cautiously in order to prevent encroachment upon the jury's function by the unfair enhancement of a child victim's credibility." *Commonwealth v. Hernandez*, 615 A.2d 1337, 1341 (Pa. Super. 1992). "This Court has stated that the key criteria in determining whether such expert testimony is admissible is the purpose for which the testimony is offered; if it is offered solely to sustain the credibility of the victim, it should not be admitted." *Id*. *See also Minerd*, 753 A.2d at 225 (expert testimony of pediatrician in child sexual abuse case was admissible where

- 7 -

the expert was not asked and did not express any opinion as to whether the children were telling the truth about being sexually abused); *Balodis, supra* (expert testimony that child victims of sexual abuse normally do not immediately disclose the abuse was inadmissible because it invaded the jury's province); *Commonwealth v. Johnson*, 690 A.2d 274 (Pa. Super. 1997); *Commonwealth v. Dunkle*, 602 A.2d 830 (Pa. 1992) (expert testimony that the victim displayed behavior patterns consistent with those typically displayed by sexually abused children was inadmissible because it encroached on the province of the jury to determine witness credibility); *Commonwealth v. Rounds*, 542 A.2d 997 (Pa. 1988); *Commonwealth v. Ferguson*, 546 A.2d 1249, 1253 (Pa. Super. 1987). *See also* Pa.R.E. 702.

In 2012, our legislature enacted 42 Pa.C.S.A. § 5920, pertaining specifically to expert testimony in certain criminal proceedings involving sex offenses. Section 5920 provides:

> **(a)** **Scope.--**This section applies to all of the following:
>
>> (1) A criminal proceeding for an offense for which registration is required under Subchapter H of Chapter 97 (relating to registration of sexual offenders) [42 Pa.C.S.A. § 9799.10 *et seq*.].
>>
>> (2) A criminal proceeding for an offense under 18 Pa.C.S. Ch. 31 (relating to sexual offenses).
>
> **(b)** **Qualifications and use of experts.--**
>
>> (1) In a criminal proceeding subject to this section, a witness may be qualified by the court as an expert if the witness has specialized knowledge beyond that possessed by the average layperson based on the witness's experience with, or specialized

training or education in, criminal justice, behavioral sciences or victim services issues, related to sexual violence, that will assist the trier of fact in understanding the dynamics of sexual violence, victim responses to sexual violence and the impact of sexual violence on victims during and after being assaulted.

(2)  If qualified as an expert, the witness may testify to facts and opinions regarding specific types of victim responses and victim behaviors.

(3)  ***The witness's opinion regarding the credibility of any other witness, including the victim, shall not be admissible***.

(4)  A witness qualified by the court as an expert under this section may be called by the attorney for the Commonwealth or the defendant to provide the expert testimony.

42 Pa.C.S.A § 5920 (emphasis added).

Section 5920 thus upholds the longstanding prohibition precluding expert witnesses from testifying about the credibility of a child sexual abuse victim, although permitting experts to testify as to "specific types of victim responses and victim behaviors."  42 Pa.C.S.A. § 5920 (b)(2) and (3).  ***See Commonwealth v. Carter***, --- A.3d --- (Pa. Super. Mar. 19, 2015). Through the language of section 5920(b)(3), our legislature has made clear that "[t]he witness's opinion regarding the credibility of ... the victim, shall not be admissible."

Here, Appellant argues that Dr. Novinger's testimony that he believed the victim was sexually abused, which was based on the victim's statements to that effect, improperly constituted an opinion as to whether the victim

was telling the truth, and intruded into the jury's function to assess the credibility of witnesses. Upon careful review of the record, we must agree.

Appellant specifically challenges the portion of Dr. Novinger's testimony in which he stated verbatim: "I really believe strongly that was my medical conclusion that this child was victimized." N.T., 1/21/14, at 229.[5] Appellant maintains that, in light of Dr. Novinger's testimony that the physical examination of the victim was inconclusive, Dr. Novinger's statement that he believed the child was victimized, constituted an expert opinion as to the credibility of the victim, particularly given that the victim displayed no physical signs of abuse, and the only evidence of such abuse was the victim's testimony.

We agree with Appellant that Dr. Novinger's statement that he believed the child was victimized, encroached on the jury's function as the sole arbiter of credibility. As our Supreme Court observed in **Seese**, "[s]uch

_____

[5]Appellant also takes issue with Dr. Novinger's statement that "the history she provided to me pretty much indicated that she was sexually abused," thus intruding on the ultimate issue of the victim's credibility. N.T., 1/21/14, at 219; Appellant's Brief at 22, 26. Our review of the record reveals, however, that this statement by Dr. Novinger was elicited by Appellant's own counsel on cross-examination. "It is well settled that the defendant must assume the risk of his counsel's questions and he cannot benefit on appeal when his own cross-examination elicited an unwelcome response." **Commonwealth v. Gilliard**, 446 A.2d 951, 954 (Pa. Super. 1982) (rejecting the appellant's claim that trial court improperly denied his motion for mistrial after witness testified that the appellant had other charges pending against him when such testimony was elicited by appellant's own counsel).

testimony, admitted as evidence, would encourage jurors to shift their focus from determining the credibility of the particular witness who testified at trial, allowing them instead to defer to the so-called 'expert' assessment ... In addition, such testimony would imbue the opinions of 'experts' with an unwarranted appearance of reliability upon a subject, veracity, which is not beyond the facility of the ordinary juror to assess." *Seese*, 517 A.2d at 922. Dr. Novinger's expert testimony pertaining to the credibility of the victim was therefore inadmissible. Moreover, the trial court declined to issue any curative instruction to the jury to mitigate the impact of the impermissible statement. We are constrained to find, therefore, that Appellant is entitled to a new trial. *See id*.

Although we are vacating Appellant's judgment of sentence and remanding this case for a new trial, we will address Appellant's remaining weight and sufficiency claims at Docket No. 2191 MDA 2014.

When presented with a claim that the evidence was insufficient to sustain a conviction,

> an appellate court, viewing all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth as the verdict winner, must determine whether the evidence was sufficient to enable the fact finder to find that all of the elements of the offenses were established beyond a reasonable doubt.

*Commonwealth v. Hawkins*, 701 A.2d 492, 499 (Pa. 1997). "Furthermore, it is axiomatic that [t]he Commonwealth may sustain its burden by proving the crime's elements with evidence which is entirely

- 11 -

circumstantial and the trier of fact, who determines credibility of witnesses and the weight to give the evidence produced, is free to believe all, part, or none of the evidence. In the case of sexual offenses, the testimony of the victim alone is sufficient to convict, and medical evidence is not required if the fact finder believes the victim." *Commonwealth v. Jette*, 818 A.2d 533, 534 (Pa. Super. 2003) (citations and internal quotations omitted).

With regard to weight of the evidence challenges, our Courts have made clear:

> The testimony of a sexual assault victim standing alone is sufficient weight to support a conviction. Furthermore, in reviewing a weight of the evidence claim we look to see if the verdict was so contrary to the evidence as to shock one's sense of justice and make the award of a new trial imperative. The decision whether to grant a new trial is within the trial court's discretion, and we review that decision under an abuse of discretion standard. Furthermore, since issues of credibility are left to the trier of fact, the trial court, sitting as fact finder, [is] free to accept all, part, or none of a witness's testimony.

*Commonwealth v. Strutt*, 624 A.2d 162, 164 (Pa. Super. 1993) (citations and internal quotations omitted).

Here, even absent the expert testimony of Dr. Novinger, the testimony of the victim alone was sufficient and of adequate weight to support the verdicts. The victim testified as to numerous incidents where Appellant raped and sexually assaulted her beginning when she was eleven years old, detailing the circumstances surrounding the incidents, including the various locations in the house where the assaults occurred, and the manner in which Appellant regularly initiated sexual contact with her by inducing her to bathe

with him. N.T., 1/21/14, at 68-88. This testimony, if believed by the jury, was sufficient and of adequate weight to support Appellant's convictions. Appellant's weight and sufficiency claims therefore fail.

At Docket No. 1493 MDA 2014, Appellant's issues pertain solely to the discretionary aspects of his sentence. Given our determination that Appellant is entitled to a new trial, we need not address the discretionary sentencing claims raised by Appellant in the ***Anders*** Brief filed at Docket No. 1493 MDA 2014. Additionally, given our disposition, we deny counsel's petition to withdraw at Docket No. 1493 MDA 2014.

Judgment of sentence vacated and case remanded. Petition to withdraw at Docket No. 1493 MDA 2014 denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2015

- 13 -