**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTIAN WILLIAMS | : | |
| | : | |
| Appellant | : | No. 598 EDA 2021 |

Appeal from the Judgment of Sentence Entered May 21, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0012462-2015

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED JANUARY 4, 2022**

Christian Williams (Appellant) appeals from the judgment of sentence imposed after a jury found him guilty of involuntary deviate sexual intercourse with a child (IDSI), unlawful contact with a minor, endangering the welfare of children (EWOC), corruption of minors, and indecent assault of a person less than 13 years of age.[1]  We affirm.

The trial court summarized the relevant facts as follows:

> The complainant in this case . . . was born on January 15, 2003.  [The complainant] is acquainted with Appellant through her mother ("[Mother]"), who shared a romantic relationship with Appellant between 2008 and 2011.  During that time, [the complainant] and [Mother] maintained their own residence but regularly stayed overnight in Appellant's home.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3123(b), 6318(a)(1), 4304(a)(1), 6301(a)(1)(i), and 3126(a)(7).

At trial[, the complainant] testified to several instances of sexual abuse by Appellant, which began when she was five years old and continued until she was eight. Appellant typically abused the minor at his residence in her bedroom, a room that she did not share with anyone. [The complainant] testified that every few days, after her mother went to sleep, Appellant would enter her bedroom and rub her back and buttocks as he brushed [his] penis against her face, mouth, and chest. Appellant typically entered [the complainant's] bedroom "completely naked" and laid beside her in her bed. [The complainant] explained that during these episodes, Appellant "always tried to get [his penis] through [her] mouth."

On one occasion when [the complainant] was five or six years old, Appellant entered her room at night and penetrated her mouth with his penis. She testified that this was the only time when his penis actually penetrated her mouth and that it "only went as far as [her] teeth." She further explained that he laid next to her in her bed and "he proceed[ed] to do what he normally [did]. And I wake up, and his penis is in my mouth. I just let it happen because I was only about six years old and didn't know what to do." [The complainant] recalled the incident in great detail, explaining that she remembered it happened at night because it "was dark outside" and "dark in [her] room." She remembered that she was wearing a tank top and shorts and that [Appellant] rubbed his hand over the top of her shirt. She further explained that after he was done, her mouth "tasted different," and Appellant threatened to "tell [her] mom that [she] kn[e]w about this stuff."

On yet a different occasion, [the complainant] was watching a movie in [Mother] and Appellant's bedroom, when Appellant entered the room naked. She explicitly recalled that she had been watching the movie Baby Boy. Appellant told [the complainant] to "come here" and made her "caress . . . his penis." Specifically, Appellant made her use her hand and rub his bare penis "up and down." [The complainant] testified that [Mother] nearly walked in on the incident, but Appellant pretended to be asleep.

When [the complainant] was five years old, she disclosed the abuse to her babysitter, K.K., telling her that [the complainant] had "sucked [Appellant's] dick." K.K. promptly notified Appellant and [Mother] of [the complainant's] allegations.

- 2 -

[Mother] responded by beating the [complainant] with a broom. [Mother] beat [the complainant] with such force that the broom broke and caused [the complainant] to sustain a bloody nose. [The complainant] testified that this incident scared her and prevented her from telling anyone else about the abuse until four years later when she was twelve years old.

In 2015, [the complainant] disclosed the abuse to her maternal aunt. Emi Dicriscio, a representative from the Department of Human Services ("DHS"), testified that DHS was eventually informed of the abuse in April of 2015. DHS, Philadelphia Children's Alliance [(PCA)], and the Philadelphia Special Victims Unit conducted an investigation, and Appellant was arrested on October 29, 2015.

Trial Court Opinion, 4/14/21, at 4-6 (citations to record omitted).

Prior to trial, the Commonwealth filed a motion *in limine* to preclude any reference to a rape allegation by complainant regarding a different man in 2015. Motion *in Limine*, 9/13/17, at 2 (unnumbered) ("any mention of the [complainant's] subsequent sexual assault could only be used by [the] defense as inflammatory propensity evidence to unnecessarily prejudice the jury."). The record does not contain an order or docket entry of the trial court's ruling on the motion *in limine*. However, the trial court stated in its Pa.R.A.P. 1925(a) opinion: "Following a hearing . . ., this court granted the Commonwealth's motion, finding that evidence of [the complainant's] prior allegation of sexual assault was not relevant and, therefore, barred by the Rape Shield Law." Trial Court Opinion, 4/14/21, at 16; **see also** 18 Pa.C.S.A. § 3104(a) ("Evidence of specific instances of the alleged victim's past sexual conduct, past sexual victimization, allegations of past sexual victimization, opinion evidence of the alleged victim's past sexual conduct, and reputation

evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions of any offense listed in subsection (c) except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.").

The matter proceeded to a jury trial in January 2018. The Commonwealth presented the testimony of the complainant, Mother, the complainant's maternal aunt, and several other witnesses. Appellant testified in his defense and denied any wrongdoing; he asserted he was never alone with the complainant. On January 19, 2018, the jury found Appellant guilty of the above-mentioned crimes.

On May 21, 2018, the trial court imposed an aggregate sentence of 12½ - 25 years of incarceration, followed by 7 years of probation. The court also ordered Appellant to register as a sex offender for his lifetime. *See* 42 Pa.C.S.A. § 9799.55(b)(2)(i)(A) (Sexual Offender Registration and Notification Act provision governing lifetime registration). Appellant timely filed a post-sentence motion challenging, *inter alia*, the weight of the evidence supporting his convictions. This motion was denied by operation of law. Appellant did not appeal.

On May 21, 2019, Appellant filed a timely petition under the Post Conviction Relief Act (PCRA),[2] asserting ineffectiveness of counsel for failing to file a direct appeal. Following proceedings not pertinent to this appeal, the PCRA court, on October 21, 2020, issued an opinion requesting this Court remand the case for reinstatement of Appellant's direct appeal rights, *nunc pro tunc*. By *per curiam* order entered January 19, 2021, we agreed Appellant was entitled to reinstatement of his direct appeal rights and remanded the case. Appellant timely filed a counseled notice of appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents three issues for our consideration:

A. Were the guilty verdicts against the weight of the evidence for IDSI w/child, unlawful contact with a minor, EWOC, corruption of minors and indecent assault-persons less than 13 years of age, as the Appellant proffers he was never alone with the complainant and therefore no opportunity existed to commit any of the crimes. Moreover, the complainant's testimony was materially inconsistent between preliminary hearing and trial testimony and statements to authorities, which was made more acute by the lack of any forensic evidence to corroborate that any assaults occurred?

B. Was the evidence insufficient to sustain the guilty verdicts for IDSI w/child, unlawful contact with a minor, EWOC, corruption of minors and indecent assault-persons less than 13 years of age, as Appellant contends he was never alone with the complainant and therefore no opportunity existed to commit any of the crimes. Accordingly, Appellant argues that none of the elements of the crimes were proven beyond a reasonable doubt?

---

[2] **See** 42 Pa.C.S.A. §§ 9541-9546.

     C. Did the trial court err in granting the Commonwealth's motion to exclude mention of an alleged sexual assault allegation made by complainant against someone else?

Appellant's Brief at 7.[3]

Appellant first argues the jury's guilty verdicts on all of the charges were against the weight of the evidence and shock the conscience. ***See id.*** at 17-23.

Our standard in reviewing this claim is well-settled:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. When a trial court considers a motion for a new trial based upon a weight of the evidence claim, the trial court may award relief only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. The inquiry is not the same for an appellate court. Rather, when an appellate court reviews a weight claim, the court is reviewing the exercise of discretion by the trial court, not the underlying question of whether the verdict was against the weight of the evidence. The appellate court reviews a weight claim using an abuse of discretion standard.

> At trial, the jury [is] the ultimate fact-finder and the sole arbiter of the credibility of each of the witnesses. Issues of witness credibility include questions of inconsistent testimony and improper motive. A jury is entitled to resolve any inconsistencies in the Commonwealth's evidence in the manner that it sees fit.

***Commonwealth v. Jacoby***, 170 A.3d 1065, 1080-81 (Pa. 2017) (citations and quotation marks omitted).

---

[3] The Commonwealth did not file a brief.

Appellant argues "the evidence at trial clearly established that he never had the opportunity to commit any sexual assault of the [complainant]." Appellant's Brief at 19. Appellant claims Mother testified that the complainant "was essentially never alone with the Appellant, except for 'a couple times.'" *Id.*; *see also id.* at 20 ("When [Mother] was not around, the [complainant] would be watched by various baby-sitters and a maternal aunt."). Appellant asserts Mother's testimony was consistent with his testimony that he was never alone with the complainant. *Id.* at 22. Finally, Appellant argues the complainant's testimony at trial and the preliminary hearing was inconsistent with her prior description of the crimes during a forensic interview.[4] *Id.* at 21 ("At the preliminary hearing and at trial, [the complainant] alleged that the Appellant put his penis in her mouth on more than one occasion . . ., but per the PCA interview this seems to have occurred once.").

The trial court found no merit to Appellant's argument, reasoning:

> The weight of the evidence, as it relates to Appellant's opportunity to commit the alleged crimes, is fully consistent with the jury's verdict. Appellant's claim that he was "**never**" alone with [the complainant] is belied both by the evidence and, considering the nature of his relationship with [Mother], common sense. Three different witnesses ([the complainant], [Mother], and [the complainant's] maternal aunt) testified that when [the complainant] was between the ages of five and eight years old, she and her mother frequently stayed overnight in Appellant's

_____

[4] In April 2015, the complainant met with a forensic interviewer. *See* N.T., 1/17/18, at 146-47. In sum, the complainant reported that Appellant put his penis in her mouth once, "rubbed the skin of his penis on her face and her chest more than one time, . . . [and] grabbed [her] hand with his hand and made her hand touch the skin of his penis more than one time." *Id.* at 148.

home. N.T., 1/17/18, at 36-50, 58, 100-01, 93-94. [The complainant] testified that her mother frequently "work[ed] overnight" and left her with Appellant. *Id.* at 47. Moreover, [Mother] testified that she left [the complainant] alone with Appellant on multiple occasions. *Id.* at 104-05.

[Mother] further explained that Appellant habitually left their shared bedroom at night "completely naked" to use the bathroom. *Id.* at 140-41. Similarly, [the complainant] testified that after her mother went to sleep, Appellant frequently entered her separate bedroom "butt naked" and inappropriately caressed her and/or rubbed his penis on her face. *Id.* at 40-46, 81-83; N.T., 1/18/18, at 31. On one occasion, Appellant cornered the [complainant] while her mother was not in the room and forced her to rub her hand on his penis. N.T., 1/17/18, at 47, 49.

Conversely, Appellant testified at trial that he was "never" not "once in three years" alone with [the complainant]. N.T., 1/18/18, at 67. The jury obviously did not believe him, as evidence[d] by the verdict. The jury, which was free to believe "all, none, or some of the evidence," was free to reject Appellant's testimony, *see* [*Commonwealth v.*] *Mikitiuk*, 213 A.3d [290,] 305 [(Pa. Super. 2019)], and there is nothing so "tenuous, vague[,] [or] uncertain" about [the complainant's] allegations that it can meaningfully undermine the jury's conclusions. *See* [*Commonwealth v.*] *Smith*, 146 A.3d [257,] 265 [(Pa. Super. 2016)]. Thus, no relief is due.

\* \* \*

Appellant presents a second and equally unconvincing argument in support of his weight claim—namely, that [the complainant's] preliminary hearing testimony is "materially inconsistent" with her trial testimony and her reports to authorities. Appellant's argument is at odds with the record.

At both the preliminary hearing and at trial, [the complainant] testified that when she was between five and eight years old, Appellant repeatedly entered her bedroom, fondled and/or inappropriately caressed her, and rubbed his penis on her face. N.T., 12/9/15, at 10-14; N.T., 1/17/18, at 40-46, 81-83. She consistently testified that on a single occasion, [the complainant] awoke to find Appellant's penis in her mouth. N.T., 12/9/15, at 11; N.T., 1/17/18, at 41, 43. [The complainant]

reported that same isolated incident of oral penetration to DHS, explaining that one night she "was sleeping but woke up to find [Appellant's] penis in her mouth.... This was the only time that [he] put his penis in her mouth." N.T., 1/18/18, at 31. In her DHS interview, [the complainant] further disclosed that "[Appellant] put his penis on and in her mouth when she was about five," *id.* at 30; "he would always . . . be in the house or walk around butt naked," *id.*; "[h]e would touch her back and butt with his hand, directly on th[e] skin," *id.*; and "the abuse went on until she was in the middle of the second grade when [Mother] broke up with [Appellant]." *Id.* at 31-32.

In a separate interview with [PCA], [the complainant] reported that "[Appellant] put his penis inside of her mouth one time" and he frequently "rubbed the skin of his penis on her face and chest more than one time, . . . rubbed on the skin of her back and her butt with his hand . . . [and] grabbed [her] hand with his hand and . . . mov[ed] her hand up and down on his penis, and that he lied in the bed naked with her more than one time." N.T., 1/17/18, at 147-48. Similarly, [the complainant] testified at trial that Appellant made her use her hand to rub his bare penis "up and down," and he often entered her room "completely naked." *Id.* at 40-46, 80-83.

[The complainant's] multiple accounts of Appellant's abuse are nearly identical. Although Appellant asserts a boilerplate claim of "inconsistency," this court can discern no meaningful inconsistencies from its review of the record, such that the jury's verdict should be disturbed. "[T]he mere fact that some inconsistencies exist is not, absent more, enough to destroy the Commonwealth's case, as it is the fact finder's function to resolve inconsistencies by believing all, part or none of a particular witness' testimony." *Commonwealth v. Mercado*, 649 A.2d 946, 957 (Pa. Super. 1994)[; *see also Jacoby*, *supra*]. Here, the jury heard various accounts of [the complainant's] accusations, weighed those accusations, and evidently resolved any discrepancies **against** Appellant. The jury, as fact-finder, was perfectly entitled to do so. *See id.* Accordingly, Appellant is not entitled to relief.

Trial Court Opinion, 4/14/21, at 8-10 (emphasis in original; citations to record

modified). The court's reasoning is supported by the record. Accordingly, we

discern no abuse of the trial court's discretion in rejecting Appellant's weight claim.[5]

Appellant next contends none of his convictions can stand because the Commonwealth failed to present sufficient evidence to establish all elements of the crimes beyond a reasonable doubt. Appellant's Brief at 23-24. Appellant advances scant substantive argument in support of this claim, and states that he "incorporates the above arguments[, *i.e.*, regarding the weight of the evidence,] as to the lack of opportunity to commit the crimes[.]" *Id.* at 24.

Initially, it is settled that "incorporation by reference" is improper and results in waiver. *See Commonwealth v. Veon*, 109 A.3d 754, 774 (Pa. Super. 2015) (overruled on other grounds) (stating an appellant waives any claim where he incorporates prior arguments). In addition, Appellant waived his sufficiency claim because he failed to specify in his Pa.R.A.P. 1925(b) statement, the element or elements of the crimes for which he contends the evidence was insufficient. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (appellant waived sufficiency claim where he failed to

---

[5] Likewise, Appellant is not entitled to relief on his claim that "no forensic evidence was offered to corroborate the complainant's testimony." Appellant's Brief at 23. "The testimony of a sexual assault victim standing alone is sufficient weight to support a conviction." *Commonwealth v. Strutt*, 624 A.2d 162, 164 (Pa. Super. 1993); *see also* 18 Pa.C.S.A. § 3106 (providing, in relevant part: "The testimony of a complainant need not be corroborated in prosecutions under this chapter[, *i.e.*, relating to sexual offenses].").

specify in Rule 1925(b) statement which convictions or elements of crimes he was challenging); **see also** Trial Court Opinion, 4/14/21, at 13-14 (finding Appellant waived sufficiency claim on this basis).

Moreover, Appellant's undeveloped sufficiency claim goes to the weight of the evidence. **See**, **e.g.**, **Commonwealth v. Trinidad**, 96 A.3d 1031, 1038 (Pa. Super. 2014) ("variances in testimony go to the credibility of the witnesses and not the sufficiency of the evidence"); **see also Gibbs**, 981 A.2d at 281-82 (a sufficiency claim raising weight of the evidence arguments must fail); Trial Court Opinion, 4/14/21, at 11-13 (collecting cases noting distinction between weight and sufficiency claims). We have already concluded the trial court did not abuse its discretion in rejecting Appellant's weight claim and finding "Appellant's claim that he was 'never' alone with [the complainant] is belied both by the evidence and . . . common sense." Trial Court Opinion, 4/14/21, at 8 (emphasis omitted).

Finally, in his third issue, Appellant argues the trial court erred in granting the Commonwealth's motion *in limine* and precluding reference to a separate sexual assault perpetrated against the complainant in 2015 by a different man, who was allegedly not charged with any crimes. Appellant's Brief at 26 (arguing "this evidence was not only probative and relevant, but any prejudice to the Commonwealth was *de minimis*.").

We review orders denying motions *in limine* and precluding the admission of evidence for an abuse of discretion. ***Commonwealth v. Mangel***, 181 A.3d 1154, 1158 (Pa. Super. 2018).

The Rape Shield Law:

> does not always preclude evidence the complainant was a victim of a prior sexual assault, but the proffered evidence must still be relevant and material under the rules of evidence. Thus, the question is whether allegations of complaints against other persons are relevant to the issue at hand: whether **the [a]ppellant** sexually abused the victim.

***Commonwealth v. L.N.***, 787 A.2d 1064, 1069 (Pa. Super. 2001) (emphasis added; citation omitted). Relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence [and] the fact is of consequence in determining the action." Pa.R.E. 401.

Here, the complainant's allegation that another person raped her has **no relevance** to the issue of whether **Appellant** sexually assaulted the complainant. ***See L.N.***, 787 A.2d at 1069 (holding evidence of prior sexual assault by third party was not relevant as "it did not tend to prove or disprove whether the [a]ppellant abused the victim"); ***see also Commonwealth v. Johnson***, 638 A.2d 940, 942-43 (Pa. 1994) ("a witness may not be contradicted upon a collateral matter," *i.e.*, "one which has no relationship to the matter on trial."). Furthermore, the trial court correctly determined that "excluding the evidence did not limit Appellant's ability to challenge [the complainant's] credibility through lawful means[.]" Trial Court Opinion,

4/14/21, at 16. Accordingly, the trial court did not abuse its discretion in granting the Commonwealth's motion *in limine*.

For the above reasons, we affirm the judgment of sentence because there is no merit to the issues Appellant raises on appeal. Accordingly, the Commonwealth's application for extension of time to file brief is denied as moot.

Judgment of sentence affirmed. Commonwealth application denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2022