J-S25022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN TAFT | : | |
| | : | |
| Appellant | : | No. 2017 EDA 2022 |

Appeal from the PCRA Order Entered August 12, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0000818-2017

BEFORE:  NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 15, 2023**

Steven Taft (Appellant) appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On November 9, 2018, a jury convicted Appellant of sexual assault.[1] The female victim ("complainant" or "victim") testified at trial that Appellant raped her while she slept in his bedroom following a party at his apartment. ***See Commonwealth v. Taft***, 241 A.3d 356 (Pa. Super. 2020) (unpublished memorandum at 1-3).  Appellant testified to the contrary, but the jury "rejected Appellant's claim [that the victim] consent[ed] …." ***Taft***, ***supra*** (unpublished memorandum at 4) (quoting Trial Court Opinion, 5/20/19, at 4).

---

[1] ***See*** 18 Pa.C.S.A. § 3124.1.

Following trial, the jury convicted Appellant of sexual assault, and acquitted him of indecent assault and aggravated indecent assault. On March 1, 2019, the trial court sentenced Appellant to 2 – 4 years in prison, followed by one year of probation.

Appellant filed an appeal in which he challenged the sufficiency and weight of the evidence. *See generally Taft*, *supra*. This Court affirmed Appellant's judgment of sentence. *Id.* Appellant did not seek allowance of appeal with the Pennsylvania Supreme Court.

Appellant timely filed the instant PCRA petition *pro se* on September 21, 2021. The PCRA court appointed counsel, who filed an amended PCRA petition on March 2, 2022. In the amended petition, Appellant alleged trial counsel "was ineffective for failing to call a crucial witness," Jereme Green ("Mr. Green" or "Green"). Amended PCRA Petition, 3/2/22, at 4. Appellant claimed:

> [Appellant] has submitted [in his September 21, 2021, PCRA petition] an affidavit detailing proposed testimony by [Mr. Green (Green Affidavit)].... Although Mr. Green was not in the bedroom when the incident took place, his testimony as to the conduct of the complainant prior to the bedroom [incident] was crucial. … Mr. Green's proposed testimony will demonstrate Mr. Green had direct contact with the complainant prior to the incident. He states in [his] affidavit that the complainant was walking around the house in nothing but panties and a t-shirt and was visibly intoxicated. She was flirting with Mr. Green and touching his body and attempted to kiss him.

Memorandum of Law in Support of Amended PCRA Petition, 3/2/22, at 14-15 (citation to Green Affidavit and paragraph break omitted); *see also id.* at 16 (stating, "[t]he only person called to testify as to what took place by trial

- 2 -

counsel at [Appellant's] trial was [Appellant] himself."). Appellant asked the PCRA court to "grant [Appellant] an evidentiary hearing, as he has presented a claim of arguable merit …." Amended PCRA Petition, 3/2/22, at 4.

On August 12, 2022, the PCRA court dismissed Appellant's PCRA petition without a hearing. Appellant timely appealed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following questions for review:

I. Whether the PCRA court erred in not granting relief on the PCRA petition alleging [trial] counsel was ineffective for failing to call Jereme Green as a fact witness[?]

II. Whether the PCRA court erred in not granting an evidentiary hearing[?]

Appellant's Brief at 7.

Appellant first argues the PCRA court erred in dismissing his petition because he established trial counsel's ineffectiveness for failing to call Green as a witness. *See* Appellant's Brief at 15-17. According to Appellant:

Mr. Green existed and was available to testify for the Appellant. Trial counsel knew of the witness and Mr. Green wrote [in the Green Affidavit] that he was willing to testify on behalf of the Appellant. The absence of this witness['s] testimony was so prejudicial to the Appellant that he was deprived of a fair trial. The jury in this case announced prior to its verdict that they were deadlocked[,] and Mr. Green's testimony would likely have led to a different verdict. Mr. Green's proposed testimony would have undermined the credibility of the Commonwealth's witnesses, weakened the prosecution's version of events, and changed the outcome of the trial.

*Id.* at 16 (citation to Green Affidavit omitted). Appellant further claims Green's "proposed testimony was not irrelevant and was not abusive." *Id.* at 17.

The Commonwealth counters that the PCRA court correctly dismissed Appellant's petition, as he failed to establish trial counsel's ineffectiveness for failing to call Green. *See* Commonwealth Brief at 6-8. The Commonwealth argues:

> Green's proposed testimony relating to the victim allegedly flirting with him was both inadmissible and irrelevant. Whether the victim made advances toward Green was irrelevant to whether she consented to any sexual activity with [Appellant]. Moreover, it would have contradicted [Appellant's] testimony that he believed the victim was [romantically] interested in him because she only "flirted" with [Appellant] and exhibited no apparent interest in the "other guys." (N.T. 11/8/2018, 23-27, 38).

*Id.* at 8 (italics omitted).

Pennsylvania law presumes counsel is effective; a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from[, *inter alia*,] the "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (quoting 42 Pa.C.S.A. § 9543(a)(2)(ii)). When evaluating an ineffectiveness claim, "judicial scrutiny of counsel's performance must be highly deferential."

*Commonwealth v. Lesko*, 15 A.3d 345, 380 (Pa. 2011) (citation and quotation marks omitted).

To establish a claim of ineffectiveness, a PCRA petitioner must plead and prove:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from *Commonwealth v. Pierce*, 527 A.2d 973, 975-76 (Pa. 1987)). … Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all the *Pierce* prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

*Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015) (citations modified).

Regarding the prejudice prong, a "petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Commonwealth v. Charleston*, 94 A.3d 1012, 1019 (Pa. Super. 2014) (citation omitted). We have observed:

> A defendant raising a claim of ineffective assistance of counsel is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it "could have reasonably had an adverse effect on the outcome of the proceedings."

*Id.* (brackets omitted) (quoting *Pierce*, 527 A.2d at 977).

Further, to prevail on a claim alleging ineffective assistance of counsel for failure to call a witness, a PCRA petitioner must establish:

(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew, or should have known, of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Miller*, 231 A.3d 981, 992 (Pa. Super. 2020) (citations omitted).

Instantly, the PCRA court thoroughly explained why it denied relief:

[Appellant's] claim fails on the prejudice prong of the *Pierce* test because part of Mr. Green's proposed testimony as to the victim's alleged sexual advances towards him (Mr. Green), would have been **inadmissible under the Rape Shield Law**[, 18 Pa.C.S.A. § 3104,] and [was] **irrelevant** as to what occurred between [Appellant] and the victim in [Appellant's] bedroom.

\* \* \*

The purpose of the Rape Shield Law is to prevent a trial from shifting its focus from the culpability of the accused toward the virtue and chastity of the victim. *Commonwealth v. Jerdon*, 229 A.3d 278, 280 (Pa. Super. 2019). The Rape Shield Law is intended to exclude irrelevant and abusive inquiries regarding prior sexual conduct of sexual assault complainants. *Id.* Pennsylvania's Rape Shield Law provides in pertinent part:

**a. General Rule:** Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S. § 3104[(a)].

- 6 -

In … **Jerdon**, … the Commonwealth appealed to the Superior Court after a trial court granted a defendant's pre-trial motion to allow the alleged sexual conduct between a victim and a third-party witness into evidence. The Superior Court held that the trial court erred by allowing sexual conduct between the victim and the third-party witness into evidence because the sexual relationship between the victim and third-party was irrelevant to the issue of the victim's bias, motive, and credibility; the prejudicial impact of the sexual relationship between the victim and third-party far outweighed the probative, exculpatory value; and because the evidence served no purpose other than to shift the fact-finder's focus from the culpability of [p]etitioner toward the virtue and chastity of the victim, amongst other reasons. **Jerdon**, at 279.

Here, *like* **Jerdon**, evidence of the alleged sexual conduct between Mr. Green and the victim was irrelevant as to the bias, motive or credibility of the victim, and **the prejudicial impact far outweighed the probative, exculpatory value**. Additionally, "prior sexual conduct with third persons is ordinarily inadmissible to attack the character of the [victim] in sex offense cases." **Commonwealth v. Black**, 587 A.2d 396, 398 (Pa. Super. 1985). Part of Mr. Green's proposed testimony alleged that the victim was flirting with him and touching Mr. Green's body while attempting to kiss him before he excused himself. Amended PCRA Petition, 3/21/22, at 21. This proposed evidence did not exculpate [Appellant] because **whether or not the victim made advances towards Mr. Green was irrelevant and in no way probative as to whether the victim consented to any sexual activity with** [**Appellant**[2]]. In fact, the specific instances of the victim's alleged sexual conduct with Mr. Green were more prejudicial to the victim because Mr. Green, a third-party, was not present in [Appellant's] bedroom at the time of the sexual

---

[2] We remind Appellant that this Court previously rejected his challenges to the sufficiency and weight of the evidence. **Taft**, 241 A.3d 356 (unpublished memorandum at 5-11); *see also* **Commonwealth v. Strutt**, 624 A.2d 162, 164 (Pa. Super. 1993) (stating "[t]he testimony of a sexual assault victim standing alone is sufficient weight to support a conviction."), and **Commonwealth v. Crosley**, 180 A.3d 761, 768 (Pa. Super. 2018) ("even the uncorroborated testimony of a single witness may alone be sufficient to convict a defendant." (citation omitted)).

assault[,] which he explicitly makes clear in his proposed testimony. *Id.*

> **This proposed testimony served no purpose other than to shift the fact-finder's focus from the culpability of [Appellant] toward the virtue and chastity of the victim[,] which is exactly what the Rape Shield statute prohibits**. Therefore, Mr. Green's proposed testimony of the victim's alleged sexual conduct towards him would have been inadmissible and irrelevant as to what happened between [Appellant] and the victim in [Appellant's] bedroom that night. And for that reason, this portion of Mr. Green[]'s testimony would not have been admitted, and **trial counsel was not ineffective because [Appellant] was not prejudiced**.

PCRA Court Opinion, 10/27/22, at 5-7 (emphasis added; italics omitted; footnote added).

The PCRA court's reasoning is supported by the record and law. Further, there is no merit to Appellant's claim that "Mr. Green's proposed testimony is relevant and admissible under the Rape Shield Law…." Appellant's Brief at 16. As Appellant failed to prove prejudice, his claim of trial counsel's ineffectiveness fails.[3] *See Charleston*, *supra*; *see also Treiber*, *supra*. Appellant's first issue does not merit relief.

In his second issue, Appellant claims the PCRA court erred in dismissing his petition without holding an evidentiary hearing. *See* Appellant's Brief at 17-19. Appellant asserts:

---

[3] The PCRA court also determined that Appellant failed to satisfy the reasonable basis prong. PCRA Court Opinion, 10/27/22, at 7-9. However, as noted, a petitioner's failure to establish any one of the three prongs is fatal. *See Treiber*, *supra*.

> Although the right to an evidentiary hearing is not absolute, a court may not summarily dismiss a PCRA Petition when the facts alleged in the petition, if proven, would entitle the Appellant to relief.

*Id.* at 18 (citing **Commonwealth v. Barbosa**, 819 A.2d 81, 85 (Pa. Super. 2003) (stating although "[i]t is true that the right to an evidentiary hearing on a PCRA petition is not absolute," a "court may not summarily dismiss a PCRA petition … when the facts alleged in the petition, if proven, would entitle the petitioner to relief." (citations and quotation marks omitted)).

To the contrary, the Commonwealth argues:

> [Appellant] failed to demonstrate to the PCRA court the existence of a disputed issue of material fact necessary to warrant an evidentiary hearing, and the claim he asserts on appeal is utterly meritless. Thus, he did not demonstrate that the [PCRA] court abused its discretion by declining to grant an evidentiary hearing.

Commonwealth Brief at 9.

This Court has explained:

> The right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

**Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa. Super. 2012) (citations and brackets omitted).

Here, the PCRA court explained it

did not conduct an evidentiary hearing as to the issue pertaining to Mr. Green's proposed testimony because **there were no genuine issues of material fact for the court to decide the PCRA [petition]. The PCRA court was able to determine the merits of the case without having a hearing** because even if the court were to accept as true the proposed testimony of Mr. Green, the PCRA [petition] would not have been granted because [Appellant] failed to establish the claims in the PCRA petition.

PCRA Court Opinion, 10/27/22, at 10 (emphasis added).

Again, the record and law support the PCRA court's rationale. As Appellant failed to establish a genuine issue of material fact to warrant an evidentiary hearing, *Wah*, *supra*, his second issue lacks merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2023